IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01041-ZLW

RAHEEM DAVIS,

Applicant,

v.

FEDERAL BUREAU OF PRISONS, et al., and
WARDEN DANIELS,

Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Raheem Davis, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He filed *pro se* on August 6, 2010 two separate documents titled "Motion to Show Cause" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on July 19, 2010. He also submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Court must construe Mr. Davis's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The August 6 motions will be construed liberally as motions to reconsider and, for the reasons stated below, will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Davis's motions to reconsider pursuant to Rule 59(e) because they were filed within twenty-eight days after the Judgment was entered in this action on July 19. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice because Mr. Davis failed to comply with an order entered on May 6, 2010 directing him to cure certain deficiencies. More specifically, Mr. Davis was ordered (a) within thirty days to submit an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that named the proper Respondent and did not use "et al." in the caption to indicate parties and (b) either to pay the $5.00 filing fee or file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Davis also was directed to use the Court-approved forms as required by the Court's local rules, *see* D.C.COLO.LCivR 8.2A. Blank copies of the proper forms were mailed to Mr. Davis with a copy of the order directing him to cure these deficiencies. He failed, within the time allowed, to cure them. In an order filed on July 19, 2010, the Court dismissed the

action without prejudice for failure to cure. The reasons for the dismissal are discussed in greater detail in the July 19 dismissal order.

Mr. Davis contends he was unable to comply with the order to cure in a timely manner because he is not an inmate but rather a political prisoner who does not have an inmate trust fund account. Upon consideration of the liberally construed motions to reconsider and the entire file, the Court finds that Mr. Davis fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Davis fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motions to reconsider will be denied. Accordingly, it is

ORDERED that the two separate documents titled "Motion to Show Cause" that Applicant, Raheem Davis, filed *pro se* on August 6, 2010, and which the Court has treated as motions to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), are denied. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on August 6, 2010, is denied as moot.

DATED at Denver, Colorado, this  16th  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01041-BNB

Raheem Davis
Reg No. 58146-054
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/17/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk